**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**GLEN SPEARING MATTHEWS,** :
:
**Petitioner,** :
:
**VS.** : **NO. 5:10-CV-296 (MTT)**
: **NO. 5:01-CR-018 (MTT)**
**UNITED STATES OF AMERICA,** :
: **Proceedings under 28 U.S.C. § 2241**
**Respondent.** : **Before the U.S. Magistrate Judge**
______________________________________:

**RECOMMENDATION**

Before the Court is petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Glen Spearing Matthews. Doc. 1. Because Petitioner is currently incarcerated at the United States Penitentiary in Coleman, Florida, this Court is without jurisdiction to consider the instant petition. Accordingly, it is hereby **RECOMMENDED** that the petition be **DISMISSED**.

BACKGROUND

In February 2001, a seven-count indictment was returned in this Court charging Petitioner Glen Spearing Matthews with three counts of Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), three counts of Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1), and one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g). United States v. Matthews, 5:01-CR-018 (MTT), Doc. 11. Petitioner was tried by a jury, which found Petitioner guilty on all counts on August 1, 2001. Id. at Doc. 41.

Following the preparation of a Presentence Investigation Report (PSR) in which Petitioner was classified as an Armed Career Criminal, the Court sentenced Petitioner to 300 months each on the three bank robbery counts (Counts One, Three, and Five), 327 months on

Count Seven, 120 months consecutive on Count Two, 300 months consecutive on Count Four, and 300 months consecutive on Count Six, for a total term of 1,047 months imprisonment. Id. at Doc. 59. Judgment was entered on November 26, 2001 (Id. at 49), containing certain clerical errors. See id. at 96.

On November 29, 2001, Petitioner filed a notice of appeal. Id. at Doc. 50. Petitioner's appeal counsel filed an Anders brief[1], and the Eleventh Circuit affirmed Petitioner's conviction and sentences. Id. at Doc. 70.

On May 19, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Id. at Doc. 71. As amended, Petitioner's Section 2255 motion alleged multiple constitutional violations, including multiple claims of ineffective assistance of counsel. Id. Petitioner also contended that he was improperly classified as an Armed Career Criminal. Id. A Magistrate Judge recommended that the Section 2255 motion be granted, in part, to correct a clerical error in Petitioner's Judgment and to correct Petitioner's sentence on Count Seven based on a determination that Petitioner was not properly classified as an Armed Career Criminal. Id.

Following further briefing regarding Petitioner's classification as an Armed Career Criminal, the Court declined to adopt the Magistrate Judge's recommendation in full. Id. at Doc. 104. The Court determined that Petitioner was an Armed Career Criminal and denied Petitioner's Section 2255 motion. Id. The Court, however, reduced Petitioner's sentence pursuant to Federal Rule of Civil Procedure 60(a) to correct the clerical error. Id. An amended Judgment was entered on November 4, 2005. Id. at Doc. 105.

Petitioner has since challenged the Court's determination that he is an Armed Career Criminal on multiple occasions. On November 14, 2005, Petitioner filed a Motion for

---

[1] See Anders v. California, 386 U.S. 738 (1967).

Reconsideration of the Court's order denying his Section 2255 motion. Id. at Doc. 106. The Court denied Petitioner's Motion for Reconsideration on November 22, 2005. Id. at Doc. 107. On November 29, 2005, Petitioner appealed the Court's order denying his Section 2255 motion. Id. at Doc. 108. On January 31, 2006, the Eleventh Circuit construed Petitioner's notice of appeal as a motion for a certificate of appealability and denied the motion, finding that Petitioner had failed to make a substantial showing of the denial of a constitutional right. Id. at Doc. 119. Petitioner then filed a Renewed Application for Certificate of Appealability, which the Eleventh Circuit construed as a motion for reconsideration and denied on March 1, 2006. Id. at Doc. 121.

On August 8, 2010, Petitioner filed the instant Section 2241 petition challenging his classification as an Armed Career Criminal. Doc. 1. Subsequently, Petitioner filed a Motion for Reconsideration of the amended Judgment (5:01-CR-018 at Doc. 129), which the Court denied on July 15, 2011 (Id. at Doc. 130).

## DISCUSSION

Petitioner's Section 2241 habeas corpus petition is one of many attempts to challenge the Court's determination that Petitioner is an Armed Career Criminal and subsequent sentence on Count Seven based on that determination. "A petitioner who has filed and been denied a previous [Section] 2255 motion may not circumvent the successive motion restriction simply by filing a petition under [Section] 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). The savings clause of Section 2255, however, allows a federal prisoner to file a habeas petition pursuant to Section 2241 in limited circumstances.[2] Wofford v. Scott, 177 F.3d 1236, 1244 (11th

[2] The savings clause, 28 U.S.C. § 2255(e), allows habeas corpus review of a claim only when: (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted of a nonexistent offense; *and* (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Wofford, 177 F.3d at 1244. Although it does not appear that

Cir. 1999). A Section 2241 petition nevertheless must be brought in the district court for the district in which the inmate is incarcerated. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because Petitioner is incarcerated in Florida, this Court does not have jurisdiction to consider Petitioner's Section 2241 habeas corpus petition. Accordingly, it is hereby **RECOMMENDED** that Petitioner's habeas corpus petition be **DISMISSED**.

CONCLUSION

Because the Court does not have jurisdiction to consider Petitioner's Section 2241 habeas corpus petition, it is hereby **RECOMMENDED** that the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 31st day of October, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

Petitioner is entitled to bring his claim pursuant to Section 2241, this Court is without jurisdiction to make that determination.